UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| INTELLIGENT FINANCIAL SYSTEMS, INC., | |
| Plaintiff, | **DECISION** |
| v. | **and** |
| | **ORDER** |
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY, | 04-CV-869F |
| | (consent) |
| Defendant. | |

---

NATIONAL GRANGE MUTUAL INSURANCE
  COMPANY,

                    Third Party Plaintiff,
     v.

JEROME MITRO and THOMAS MITRO,

                    Third Party Defendants.

---

APPEARANCES:        BENDER, CRAWFORD & BENDER, LLP
                               Attorneys for Plaintiff
                                ROBERT A. CRAWFORD, JR., of Counsel
                                68 Niagara Street
                                Buffalo, New York 14202

                                MURA & STORM, PLLC
                                Attorneys for Defendant and Third Party Plaintiff
                                SCOTT D. STORM, of Counsel
                                930 Rand Building
                                14 Lafayette Square
                                Buffalo, New York 14203

## **JURISDICTION**

On December 14, 2004, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. The matter is presently before the

court on Defendant's motion for summary judgment (Doc. No. 21), filed May 24, 2005, and on Plaintiff's cross-motion for partial summary judgment (Doc. No. 28), filed June 24, 2005.

## BACKGROUND

Plaintiff Intelligent Financial Systems, Inc. ("Plaintiff" or "the insured") commenced this action in New York Supreme Court, Niagara County, on September 15, 2004, alleging Defendant National Grange Mutual Insurance Company ("Defendant" or "the insurer") breached a contract to provide insurance coverage. Plaintiff specifically seeks a court order directing Defendant to provide insurance coverage for water damage to personal property allegedly occurring at Plaintiff's place of business, located at 1410 Main Street ("1410 Main Street"), in Niagara Falls, New York, caused by faulty plumbing on March 25, 2003 and March 31. 2003. Plaintiff maintains such damage is covered by a one-year insurance policy bearing policy No. BPV14426, issued by Defendant on April 10, 2002 ("the policy). On October 26, 2004, Defendant, pursuant to 28 U.S.C. § 1441, removed the action to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).

Defendant's answer, filed on October 26, 2004 (Doc. No. 2), asserts several affirmative defenses relevant to the instant motions, including the Fifth, Seventh, Eight, and Ninth Affirmative Defenses alleging, respectively, breaches of policy requirements that the insured give prompt notice of the alleged loss, provide an inventory of the damaged property, allow the insurer to inspect the damaged property, and provide a signed proof of loss statement. These affirmative defenses are also asserted in the

amended answer filed on November 15, 2004 (Doc. No. 6).

On February 18, 2005, Defendant filed a Third Party Complaint (Doc. No. 13), against Third Party Defendants Jerome Mitro and Thomas Mitro, the owners and landlords of 1410 Main Street, alleging Third Party Defendants breached a duty to Plaintiff to maintain 1410 Main Street in a reasonable state of repair, and seeking, in the event Plaintiff should recover against Defendant, indemnification insofar as Defendant would then be subrogated to Plaintiff's rights against Third Party Defendants.  An Amended Third Party Complaint (Doc. No. 14), was filed on March 7, 2005.  To date, Third Party Defendants have failed to file an answer.

On May 24, 2005, Defendant filed a motion ("Defendant's motion") for summary judgment based on Plaintiff's failure to file a timely proof of loss.  Defendant's motion is supported by the Affirmation of Scott D. Storm, Esq. (Doc. No. 22) ("Storm Affirmation"), the Affidavit of Defendant's Corporate Property Claims Consultant Dennis C. McClure (Doc. No. 23) ("McClure Affidavit"), a Memorandum of Law (Doc. No. 24) ("Defendant's Memorandum"), and a Statement of Undisputed Facts (Doc. No. 25) ("Defendant's Facts Statement"), with attached exhibits A through V ("Defendant's Exh(s). __").

On June 24, 2005, Plaintiff filed a cross-motion ("Plaintiff's motion") opposing Defendant's motion and seeking partial summary judgment dismissing Defendant's Fifth, Seventh, Eighth and Ninth Affirmative Defenses.  Plaintiff's motion is supported by the attached Affidavits of Carlo Goffi ("Goffi Affidavit") and Robert A. Crawford, Jr., Esq. ("Crawford Affidavit"), Plaintiff's Statement of Undisputed Facts ("Plaintiff's Facts Statement"), and Exhibits A through D ("Plaintiff's Exh(s). __"), and a separately filed Memorandum of Law (Doc. No. 29) ("Plaintiff's Memorandum").

On July 11, 2005, Defendant filed in further support of Defendant's motion and in opposition to Plaintiff's motion a Reply & Responding Attorney Affirmation of Scott D. Storm, Esq. (Doc. No. 31) ("Defendant's Reply").  On July 11, 2005, Plaintiff filed in further support of Plaintiff's motion and in further opposition to Defendant's motion the Affidavit of Dennis C. McClure (Doc. No. 32) ("McClure Reply Affidavit"), with attached exhibit A ("McClure Reply Affidavit Exh. A").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion for summary judgment is GRANTED; Plaintiff's cross-motion seeking partial summary judgment and the Amended Third Party Complaint are DISMISSED as moot.

## FACTS[1]

Although Plaintiff seeks insurance coverage for water damage to property attributed to faulty plumbing and occurring on March 25 and 31, 2003, Plaintiff first reported the loss to Defendant on April 1, 2003.  Defendant then retained the services of independent insurance adjusters A.E. Mahoney & Co., Inc., to assist in investigating Plaintiff's claim, and on April 17, 2003, an adjuster for the company, Mark T. Mahoney ("Mahoney") met with Plaintiff who signed non-waiver agreements pertaining to the claim.

As part of the investigation, Defendant requested to inspect the damaged property and that Plaintiff submit documents substantiating the alleged claims, including an inventory of damages, lease agreements, subleases, descriptions of damaged

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

property and estimates, as well as documentation establishing ownership of some items. Plaintiff, however, has failed to provide the documentation, and did not permit the requested inspection until July 30, 2003.

By letter to Plaintiff's attorney dated July 7, 2003, Defendant requested Plaintiff submit, within 60 days, signed, sworn proof of loss forms regarding the subject claims as required under the policy. In particular, the policy provides

> E. Property Loss Conditions
>
> * * *
>
> 3. Duties in the Event of Loss of Damage
>    a. You must see that the following are done in the event of loss or damage to Covered Property:
>
> * * *
>
> (5) At our [the insurer's] request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
>
> * * *
>
> (7) <u>Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request.</u> We will supply you with the necessary forms.
>
> (8) Cooperate with us in the investigation or settlement of the claim.

Businessowners Special Property Coverages Form, Defendant's Exh. A, pp. 11-12 (underlining added) ("proof of loss provision").

To date, the signed, proof of loss forms have not been received from Plaintiff.

Accordingly, by letter dated November 6, 2003, Defendant issued a disclaimer of liability and denial of coverage letter to Plaintiff denying coverage relative to both the

March 25 and March 31, 2003 claims based on Plaintiff's failure to timely submit the proof of loss forms. This action followed.

## **DISCUSSION**

Defendant seeks summary judgment dismissing the Complaint in its entirety on the basis that Plaintiff failed to comply with the policy's proof of loss provision.  Plaintiff opposes Defendant's summary judgment motion and seeks partial summary judgment dismissing Defendant's affirmative defenses that rely on the policy's proof of loss provision.

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322.  Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor.  *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

New York law provides that an insured has an obligation to comply with a an insurance policy's proof of loss provision.  The New York Court of Appeals has specifically held that an insured who fails to comply with an insurance policy's requirement that proof of loss be filed within 60 days of the insurer's written demand could not recover under the policy.  *Igbara Realty Corp. v. New York Property Ins. Underwriting Association*, 470 N.E.2d 858, 864 (N.Y. 1984) (plaintiff's failure to file sworn proofs of loss within 60 days after receiving an insurer's demand to do so, accompanied by proof of loss forms, is a complete defense to plaintiff's action of the insurance policy).  In the instant case, Plaintiff does not deny that it has, to date, failed to submit the requisite signed and sworn proof of loss forms, let alone within 60 days of receipt of Defendant's demand for such forms.  Nor does Plaintiff deny having received the demand.

Rather, Plaintiff urges the court to liberally construe the policy's proof of loss provision, and hold that an unsworn inventory list submitted in response to Defendant's First Set of Interrogatories in connection with this litigation constituted substantial compliance with the proof of loss provision.  Plaintiff's Memorandum at 1-2.  Plaintiff's argument is, however, without merit as the provision of documents regarding the loss or the attendance at an examination under oath are insufficient to constitute substantial compliance with an insurance policy's proof of loss provision requiring a sworn proof of loss to be submitted within 60 days of the insurer's request.  *Anthony Marino Construction Corp. v. INA Underwriters Insurance Company*, 505 N.E.2d 944, 945 (N.Y. 1987) (untimely filing of proof of loss at an examination under oath are insufficient to comply with proof of loss provision).  Plaintiff does not dispute that Defendant did not

7

waive or extend compliance with the state 60-day period to provide the proof of loss requested of Plaintiff.

Accordingly, summary judgment is GRANTED in favor of Defendant.

## **CONCLUSION**

Based on the foregoing, Defendant's motion for summary judgment (Doc. No. 21), is GRANTED; Plaintiff's cross-motion for partial summary judgment (Doc. No. 28), and Defendant's Amended Third Party Complaint (Doc. No. 14) are DISMISSED as moot.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 27, 2007
         Buffalo, New York